IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re Linerboard Antitrust Litigation )
) MDL Docket No. 1261
This document Relates to: )
Civil Action Numbers 98-5055 and 99-1341 )

## MOTION TO ALLOW LATE FILING OF CLAIM NUMBER 10212, SUBMITTED BY LIQUIDATING TRUSTEE OF EVERFRESH BEVERAGES, INC.

The Liquidating Trustee for Everfresh Beverages, Inc. (the "Trustee"), as successor in interest to Everfresh Beverages, Inc., as a debtor, through the Trustee's counsel, moves this Court (the "Motion") for an order deeming Claim 10212 timely filed. In support of the Motion, the Trustee states as follows:

### BACKGROUND

1.      On November 21, 1995, Everfresh Beverages, Inc. ("Everfresh") filed a voluntary petition under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under Case Number 95-45405-RLB. Subsequently, a plan of liquidation (the "Plan") was confirmed that appointed the Trustee to liquidate and distribute the assets of Everfresh to its creditors. The Debtor was divested of management and administration of its assets pursuant to the Plan. On March 25, 2002, the Bankruptcy Court entered a final decree closing the bankruptcy case.

2.      Neither the Trustee nor the Distribution Agent recalls receiving any notification that the Estate of Everfresh held a claim against Linerboard, or of the last day to file any such claim (the "Bar Date") in this litigation. Neither the Trustee nor the Distribution Agent were representatives of Everfresh as a debtor, and would not have

been the parties to receive such a notice if it was sent to Everfresh, the debtor. The Trustee is not the debtor Everfresh, the Trustee's counsel was never counsel for the Debtor, and the Trustee realizes that Everfresh, the debtor may have been served with such notice.

3. Counsel for the Trustee was approached on or around January 25, 2005 by a service company to assist it in the pursuit of its claim. Shortly thereafter, Everfresh, with the assistance of this service company, National Recovery Service, Inc. ("NRS"), filed its claim on February 9, 2005. Everfresh's claim (the "Claim") has now been rejected as untimely. Counsel for the Trustee learned of this after the claims agent indicated such in a letter dated June 28, 2005.

4. NRS did not advise the Trustee or the Trustee's counsel of the Bar Date in this matter, but has since advised Trustee's counsel that this Court has extended the Bar Date for other claimants until as late as through January 26, 2005.

5. According to NRS, the claims administrator for the Linerboard antitrust litigation, ten percent (10%) of the antitrust settlement funds were set aside for payment to those claimants with claims that were disputed, such as Everfresh's claim.

### RELIEF REQUESTED

6. By this Motion, Everfresh's Trustee requests that this Court timely allow its Claim, which will enable the Estate to obtain a distribution for the benefit of its creditors.

### BASIS FOR RELIEF REQUESTED

7. The United States Supreme Court has identified four factors as relevant to determine whether the failure to file a proof of claim by a bar date is

excusable. See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380 (1993). The factors are: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact in judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant and (4) whether the movant acted in good faith.

8. First, there is no danger of prejudice to the non-moving party here because the claims' administrator has reserved ten percent (10 %) of the antitrust settlement funds for the payment of disputed claims such as the Claim. In fact, this Court has already accepted late claims postmarked through January 26, 2005 and received by it through January 31, 2005. Thus, accepting this Claim should have minimal impact in this judicial proceeding.

9. Second, the delay in the filing of Everfresh's claim is minimal. Everfresh filed its Claim on February 9, 2005, approximately two weeks after the last date that the Court has accepted a late filed claim.

10. Third, the apparent reason for the delay is that neither the Trustee nor his Distribution Agent recalls that he received notice of the Bar Date, assuming such a notice was sent to them.

11. Fourth, the Trustee files this Motion in good faith.

## CONCLUSION

12.     Based on the foregoing, the Liquidating Trustee respectfully requests that this Court allow its Claim in this litigation.

*[signature]*

Lawrence J. Tabas, Esquire
Deirdre M. Richards, Esquire
OBERMAYER REBMANN MAXWELL &
HIPPEL LLP
One Penn Center - 19th Floor
1617 John F. Kennedy Blvd.
Philadelphia, PA  19103

Counsel for the Liquidating Trustee of
Everfresh Beverages, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re Linerboard Antitrust Litigation            )
                                                 )   MDL Docket No. 1261
This document Relates to:                        )
Civil Action Numbers 98-5055 and 99-1341 )

**AFFIDAVIT OF LAWRENCE J. TABAS, ESQUIRE IN SUPPORT OF MOTION TO ALLOW THE LATE FILING OF CLAIM NUMBER 10212, SUBMITTED BY THE LIQUIDATING TRUSTEE OF EVERFRESH BEVERAGES, INC.**

:       COMMONWEALTH OF PENNSYLVANIA
:       CITY OF PHILADELPHIA

I, Lawrence J. Tabas, Esquire, hereby affirms that to the best of my knowledge, information and belief:

1. Unless otherwise stated in this affidavit, I have personal knowledge of the facts hereinafter set forth.

2. I am a partner of Obermayer Rebmann Maxwell & Hippel LLP ("Obermayer").

3. I submit this affidavit in support of the Motion By The Liquidating Trustee of Everfresh Beverages, Inc. ("Everfresh") To Allow The Late Filing of Claim Number 10212.

4. Everfresh filed a voluntary petition under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on November 21, 1995 in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under Case Number 95-45405-RLB. Obermayer was counsel for the Official Committee of Unsecured Creditors in Everfresh's bankruptcy case, and after the Bankruptcy Court confirmed a plan of liquidation (the "Plan"), a liquidating trustee (the "Trustee") was assigned by the Plan to liquidate Everfresh's assets, distribute them to Everfresh's

641214

Case 2:99-cv-01341-JD  Document 260  Filed 07/28/05  Page 6 of 8

creditors, and eventually close the Estate. Obermayer became the counsel for the Trustee and the Distribution Agent. A Distribution Agent was designated to handle all claims and make all distributions. Obermayer was never counsel for Everfresh when it was a debtor.

5. Until National Recovery Service, Inc. ("NRS") contacted Obermayer in late January 1005, Obermayer, the Trustee and the Distribution Agent had no knowledge that Everfresh had a right to collect money from Linerboard in this litigation. As neither Obermayer, the Trustee nor the Distribution Agent were representatives of Everfresh as a debtor, we would not have been the parties to receive notice of a claim deadline if it was sent to Everfresh, the debtor. Nor, to the best of my knowledge, information and belief, do I recall ever having received such notice. To my knowledge, neither the Distribution Agent for Everfresh, nor the Trustee ever received such notice, and neither one of them has ever advised Obermayer that it received such notice. Our client is not Everfresh, the debtor. The Debtor may have been served with such a notice, but we have no direct knowledge of that.

6. I am aware that NRS filed a claim (the "Claim") on behalf of the Trustee for Everfresh on February 9, 2005, approximately two weeks after the last date that this Court allowed a late claim.

7. To my knowledge, NRS, the Trustee, the Distribution Agent and Obermayer have acted in good faith and completed the filing as quickly as possible after having learned of the potential for recovery.

SWORN TO AND SUBSCRIBED

Lawrence J. Tabas

THIS 28 DAY OF JULY, 2005.

Donna M Coppock
641214



COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DONNA M. COPPOCK, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 1, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re Linerboard Antitrust Litigation         )
                                              )   MDL Docket No. 1261
This document Relates to:                     )
Civil Action Numbers 98-5055 and 99-1341 )

## ORDER GRANTING MOTION TO ALLOW LATE FILING OF CLAIM NUMBER 10212, SUBMITTED BY LIQUIDATING TRUSTEE OF EVERFRESH BEVERAGES, INC. AND ALLOWING CLAIM

AND NOW, this ___ day of ___, 2005, upon the Motion To Allow Late Filing of Claim Number 10212, Submitted By Liquidating Trustee of Everfresh Beverages, Inc. (the "Motion"), and the response thereto, if any, and having found that service was proper, it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that Claim Number 10202 filed by the Trustee for Everfresh Beverages, Inc. is allowed as a timely filed claim.

Dated:                                        _____
                                              United States District Judge

641323

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re Linerboard Antitrust Litigation            )
                                                 )    MDL Docket No. 1261
This document Relates to:                        )
Civil Action Numbers 98-5055 and 99-1341 )

## CERTIFICATE OF SERVICE

I, Deirdre M. Richards, attorney with Obermayer Rebmann Maxwell & Hippel, LLP, counsel for the Trustee, hereby certify that on this 28th day of July 2005 a true and correct copy of the Motion To Allow Late Filing of Claim Number 10212, Submitted By Liquidating Trustee Of Everfresh Beverages, Inc. with attached affidavit and order was served via hand delivery on the name set forth below:

Howard Langer, Esquire
Langer & Grogan, P.c.
1600 Market Street, Suite 2020
Philadelphia, PA 19103

/s/ Deirdre M. Richards
Deirdre M. Richards

641316